## HANK EMMONS v. THE STATE.

*No. 663.    Decided February 6.*

1. **Plea of Former Conviction—Practice.**—Where a plea of former conviction is good upon its face, it is error to strike it out on demurrer or exception.

2. **Same—Practice as to Entering Former Judgment.**—Where, on a plea of former conviction, it appeared that the judgment pleaded in bar had not been entered, *Held*, that it was the duty of the court to have the same entered, in order to enable the defendant to plead to it. The court can not withhold judgment, and thus deprive the accused of his right to his plea.

APPEAL from the County Court of Tarrant. Tried below before Hon. ROBERT G. JOHNSON, County Judge.

This appeal is from a conviction for betting at a game played with dice, the game not being played at a private residence. The punishment assessed was a fine of $25.

Defendant pleaded a former conviction for this same offense, setting out in his said plea the indictment and the judgment in said case of former conviction, and alleging the identity of defendant and the identity of the two offenses. To this plea the county attorney filed exceptions, which were sustained, and the plea was stricken out by the court. The bill of exceptions taken to this ruling recites, "and upon said ruling, as expressed by the court, the defendant also then and there asked time for the clerk to write in his record, if required, the judgment of conviction pleaded in bar, in order that the same time might be inserted in said special plea in lieu of the judgment therein inserted, and which was refused by the court," etc.

*W. Gregg,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant, having been convicted of unlawfully betting at a game played with dice, and fined $25, prosecutes this appeal. Appellant interposed a plea of former conviction. The county attorney demurred to the plea, and the demurrer was sustained and the plea stricken out, to which appellant excepted. The plea upon its face was sufficient, and the court should not have sustained the exceptions thereto. If the judgment in the first case, that interposed in bar of this prosecution, had not been entered, then it was the duty of the court to have judgment entered thereon to enable defendant to plead it. To illustrate: A has been tried and convicted or acquitted for the theft of a horse of John Jones. He is arraigned upon a second charge of the theft of the horse of John Jones. He desires to plead that conviction or acquittal in bar to the second prosecution. He is deprived of the right to plead this conviction or acquittal, because no judgment has been entered in the first case. It is the duty of the court to have such judgment entered, so he can use it in aid of his plea. We can not agree to the doctrine that the court can withhold judgment, and thus deprive the accused of the plea of former conviction or acquittal, and then convict him of the same transaction as often as he may be tried. But in this case the plea sets forth the judgment, and, as we have above remarked, was sufficient on its face.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.