### John Maines v. The State.

*No. 1252. Decided May 12th, 1897.*

#### 1. Plea of Former Conviction, Pending Motion for New Trial in First Case —Practice.

On a plea of former conviction, where it appeared that defendant's motion for a new trial, in the case in which the conviction was had, was still pending, Held: It was the duty of defendant to ask for a postponement of his trial; and it was his right to have a final disposition of the first case, before being forced to trial in the second, in order that he might avail of such disposition on his plea of former conviction. This was not done.

**2. Same—New Trial Granted Before Record is Made up in Second Case.**

On a plea of former conviction, where it appeared, that on account of defendant's pending motion for new trial in the first case, there was no final judgment in said case, and that before the record in the second case was made up, and the bill of ex ceptions to the overruling of his plea was approved, a new trial was granted in the first case. Held: This eliminated the question of former conviction. A new trial in a case granted a defendant, deprives him of a right to claim former jeopardy as to such case.

APPEAL from the District Court of Falls. Tried below before Hon. S. R. SCOTT.

Appeal from a conviction for theft of a mule; penalty, five years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a mule, and given five years in the penitentiary; hence this appeal. Appellant was put on trial on a charge of theft of a mule from the possession of one George Green, alleged to be holding the same for one W. W. Lang, the owner thereof. Besides his plea of not guilty, appellant pleaded specially former jeopardy, to-wit: that he had previously been tried on an indictment charging him with the theft of the same property, viz.: the theft of a mule from the possession of George Green, holding the same for the owner thereof, W. W. Lang. The plea of former jeopardy was regular in form; the indictment setting up and showing the same transaction, and copy of the judgment showing a former conviction. The issue was joined upon this special plea, and the jury found that the same was not true. From the statement of facts it appears: That George Green had charge of the pasture of W. W. Lang, and of certain stock belonging to him. That some time in the summer of 1895 he missed out of said pasture two black mules and three horses. Witness did not know at what time said stock were taken out of said pasture, nor whether or not they were all taken at the same time. He missed them at the same time, and found a break in the pasture fence where they were evidently taken out. This property was not recovered until 1896—about a year after they were missed. Two of the horses were recovered, having been traded by defendant to Jim Bowers, and the two mules were recovered. The State's proof showed that one of said mules was traded by defendant to Edom Anderson, and the other to Jim Myers. In the former case appellant was convicted of the theft of the mule disposed of to Anderson, and the prosecution in this case was for theft of the mule sold by defendant to Jim Myers. The circumstances would appear to indicate that all of said horses and mules were taken out of said pasture by defendant at the same time. One witness for the State, however, testified that appellant confessed to him that he made two trips in taking the stock out of the pasture, and took

them at separate times, but he does not state that appellant told him that the two mules were taken at the same time, or at different times. This was about all the testimony bearing on the question of former jeopardy. The court submitted the issue to the jury as to whether or not the thefts of the two mules were separate and distinct transactions —that is, whether they were taken at one and the same time, or at dif· ferent times—and the jury found this issue against defendant. On the trial of the case, appellant asked a charge on circumstantial evidence, as to the special plea of the defendant of former jeopardy, which was refused by the court. The court, in explaining said bill of exceptions in connection with his action in refusing to give the special instructions, and in connection with his overruling appellant's motion for a new trial, based on the ground that the verdict on said plea was against the evidence, states "that at the time said plea was presented a motion for a new trial was pending in the case in which appellant had been formerly convicted, and that a new trial had since been granted in said former case." It will be further noted in said special plea that, while the defendant sets up the judgment of the court showing the conviction of defendant, he does not state in connection therewith that said conviction is in no manner reversed or set aside, but is a valid and subsisting judgment of final conviction against appellant. In our opinion, it was the duty of appellant when he was placed on trial, in view of the fact that a motion for a new trial was pending in said former case, to have asked that the case then called for trial be postponed until the former case should be finally disposed of. It was his right to have a final disposition made of said other case before he was forced to trial in the last-mentioned case, in order that he might set up such final disposition. This was not done. The record shows that there was really no final judgment against the appellant when he set up his special plea, and it further shows that while a new trial was then pending, before the record was made up and the bill of exceptions approved by the court in this case, a new trial was granted. So we hold that by this action of the court the question of former jeopardy is eliminated from this' case. The authorities all agree that a new trial in a case disposes of the question of jeopardy; that is, a new trial granted prior to the setting up of the plea of former jeopardy. See, Sterling v. State, 25 Tex. Crim. App., 716; 1 Bishop's New Crim. Law, § 1003, Subdiv. 2; 11 Amer. and Eng. Ency. Law, p. 960, and notes. We can find no case just like the case at bar, in which an application for a new trial was then pending and undisposed of; but the condition of the record in this case emphasizes the view heretofore expressed as to the duty of appellant to introduce his objection to pro·ceeding with the case until the former case was finally disposed of. See, 1 Bishop's Crim. Proc., § 618. Of course, in another trial of said former case appellant can set up the conviction in this case, if he desired to do so. We do not believe the court erred in excluding the testimony of Bennett and Luther Curlee. The same was clearly hearsay, and was

not pertinent to this case.   We have examined the record carefully, and in our opinion the evidence clearly supports the verdict as to the theft of the property.   The judgment is affirmed.

*Affirmed.*