## RALPH BROWN v. THE STATE.

### No. 2352.   Decided October 30, 1901.

**1.—Former Jeopardy—Plea.**

A plea of former jeopardy, to be sufficient, should be complete within itself and show some final disposition of the case in which it is claimed that the jeopardy occurred.

**2.—Same.**

If the judgment in the former case, in which jeopardy is claimed, was arrested on motion of defendant and the case dismissed, this would not constitute a bar to a subsequent prosecution.

**3.—Certificate of Judge to Bill of Exceptions—Practice on Appeal.**

The certificate of the judge attached to a bill of exceptions, stating what was the disposition of a case that had been pending in his court, will on appeal be taken as true.

Appeal from the District Court of Lamar.   Tried below before Hon. Ben H. Denton.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

No statement necessary.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at five years confinement in the penitentiary; hence this appeal.

Appellant assigns as error the action of the court in striking out his plea of former jeopardy. The indictment charged an ordinary daytime burglary. Appellant's plea sets out an indictment which attempted to charge burglary of a private residence, under article 839a, Penal Code,— an amendment by the Twenty-sixth Legislature (see Acts Twenty-sixth Legislature, page 318), which makes burglary of a private residence by force, threats, or fraud at night, or by entering a private residence at any time, either day or night, and remaining concealed therein until night, with intent to commit a felony, etc., a distinct offense. But it is to be observed with reference to said indictment that it failed to allege the burglary was committed at night, and so was only an ordinary burglary by breaking into a house, under article 838, Penal Code, and so the two offenses as charged were in terms the same. Osborne v. State, 42 Texas Crim. Rep., 557, 2 Texas Ct. Rep., 172; Williams v. State, 62 S. W. Rep., 1057, 2 Texas Ct. Rep., 359. If the plea had otherwise been sufficient, the court would have committed an error in striking it out. But the plea, as a plea of jeopardy on account of former conviction or acquittal, is not sufficient. An inspection of the same shows merely that in the former case appellant, Brown, was in due form of law put upon trial upon the aforesaid indictment, and pleaded thereto,

"Not guilty," and thereupon a jury of twelve men was duly impaneled and sworn to try said cause, and further alleged that it was one and the same transaction as that for which appellant was then being tried. But it is nowhere shown in the plea what became of said case after it went to trial. As to whether he was convicted or acquitted, or that, the jury being unable to agree, they were discharged, or whether he was convicted and a new trial granted, and the case dismissed, we are not informed. The plea should have been complete in itself, and have shown some final disposition of the case. Washington v. State, 35 Texas Crim. Rep., 156. The court certifying the bill of exceptions which raises this question states that in the former case defendant made a motion in arrest of judgment, and the court sustained the motion and dismissed said case. The court further states that he did not certify that the cases were the same, nor to the truth of the facts set out in said plea. Of course, if as certified by the court, the motion of defendant for arrest of judgment in the former case prevailed, and the judgment therein was arrested and the case dismissed, this would not constitute a bar to a subsequent prosecution. We must take this to be true, in accordance with the certificate of the judge.

We have examined the record carefully, and, finding no error therein, the judgment is affirmed.

*Affirmed.*