### JOSH COLEMAN v. THE STATE.

#### No. 2437.    Decided November 6, 1901.

**Murder—Conviction and New Trial—New Indictment.**

Where, on the first indictment, defendant was acquitted of murder in the first degree and convicted of murder in the second degree, and a new trial was granted upon his motion, whereupon a second indictment was brought against him; Held, that upon the second indictment he could legally be tried and convicted of murder in the second degree; and his former acquittal of murder in the first degree was no bar to his second prosecution and conviction for murder in the second degree.

Appeal from the District Court of Freestone.    Tried below before Hon. L. B. Cobb.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

The indictment charged defendant with the murder of John H. Burleson, on the 29th day of October, 1900, by shooting him with a pistol.

*Boyd, Compton & Anderson,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at fifteen years confinement in the penitentiary.

The record is before us without a statement of facts or bill of exceptions.    It may be inferred from the charge of the court that appellant, at a previous term of the court, had been convicted of murder in the second degree, and new trial awarded; that, subsequent to this, a new indictment had been preferred, and this conviction was predicated on the second indictment.    Appellant's contention is, under this character of case, that he could not be convicted of any grade of homicide; that the prior acquittal of murder in the first degree barred all further prosecution for any character of homicide growing out of the transaction.    We can not agree to this proposition.    It is true he could not be convicted of murder in the first degree, because he had been once

acquitted of that offense, but that did not bar the prosecution for murder in the second degree, when the new trial was granted at the request of appellant. It would make no difference whether it was under the old indictment or the new that the subsequent trial was had.

It is also contended that the indictment does not show it was presented by the grand jury into the district court. This contention is not borne out by the record; in fact, the record shows the contrary. As the record is before us, the conviction was proper. The judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.