### EARNEST PIPER v. THE STATE.

#### No. 3726. Decided May 20, 1908.

**Local Option—Former Conviction—Distinct Transactions.**

Where upon trial of a violation of the local option law, the information alleged the sale upon a certain day, and defendant was convicted upon one of two sales during said day, the State not having elected upon what transaction it would prosecute, a plea of former conviction on a second trial of the same offense, on the identical evidence should have been sustained and the verdict of conviction will be set aside.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Walker, Adkins & Walker,* for appellant.—On question of former conviction: Davis v. State, 42 Texas, 494; Denton v. State, 44 Texas, 446; Burks v. State, 24 Texas Crim. App., 326.

*F. J. McCord,* Assistant Attorney-General and *Jno. E. Brown,* county attorney, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a local option conviction.

Appellant in addition to his plea of not guilty interposed a special plea of former conviction, which is in legal form and properly presents the issue on the face of pleadings. Bearing upon this issue the facts are that the witness Crawford purchased from appellant two pints of whisky, one in the morning just prior to the noon hour, and the other just after that hour, the time intervening constituting two distinct sales or transactions. Appellant was placed on trial and convicted under indictment No. 445, the indictment in this case being No. 446. The con-

viction under indictment No. 445 constitutes the basis of his special plea. The jury found against his plea. The court charged the jury as usual in such cases that the burden of proof was upon appellant to show the truthfulness of his plea. The charge submits, in a general way, that if the witness bought intoxicants from appellant on the 18th day of May, they should convict him. Without going into a discussion as to the questions raised as to the supposed errors in the charges given, and the action of the court refusing the special requested instruction, the matter will be treated from a general standpoint. The evidence in this case being identical with that in the former case, and both transactions being before the jury in both cases without any limitation from the court as to which should form the basis of a conviction, and under the law it being proper for the jury to convict for either sale, we are of opinion that the plea should have been sustained, and the verdict of the jury should have determined it to be true. It would be impossible for the jury in this case to have decided upon which transaction the former verdict was based. The testimony with regard to both being before the jury, and their attention not being directed to which should form the basis of the first verdict, they could have appropriated either, and under the facts in this case the second jury may have convicted for the same offense that formed the verdict by the first jury. It is too well settled in Texas for discussion that the question of the day or the hour of the day is not of much importance except as against the statute of limitation. One of the tests under this plea, of almost universal application, in regard to the identity of the offense is to ascertain such identity in character and effect from the evidence in both cases. If the evidence, which was necessary to support the second indictment, was admissible under and would prove the former, the plea of former conviction or acquittal constitutes a bar. Now, under these indictments and the facts adduced upon both trials, either conviction could be predicated upon either transaction. They were between the same parties, occurring only two or three hours apart, the same amount of whisky was testified as having been bought in both transactions, and the same price paid in both instances. The State having introduced the same testimony in both cases, and having sought a conviction upon the case made on the first trial, it is bound by its action. There was legally no necessity for introducing evidence of the second sale on the first trial. One was not necessary to prove the other, for the sales under the State's view of it were clear and unequivocal and the defendant's evidence was same as to both in seeking to avoid criminality. Where two transactions are placed in evidence under an indictment, the allegations of which could be sustained by the same facts, and the evidence as introduced is submitted to the jury without confinement, or restriction or limitation to either, but the jury are turned loose and select either as the basis of the conviction, a plea of jeopardy should be sustained in the trial on the second case. Believing under the law and under the facts that appellant's plea of

former conviction was well taken, and fully sustained by the facts, the jury should have found that plea true, and in default of such finding the trial court should have awarded a new trial, and because this was not done the judgment·is reversed and the cause is remanded.

*Reversed and remanded.*