JIM ALEXANDER v. THE STATE.

No. 3841.    Decided May 20, 1908.

**Local Option—Former Conviction—Different Acts on Same Day.**

Where upon trial of a violation of the local option law the defendant interposed his plea of former conviction, and the indictment alleged that he sold the intoxicating liquor on a certain day, and the evidence upon the former trial as well as during the last trial showed that defendant sold liquor on different hours on the same day to the same party, and the State did not elect during the first trial, a conviction under said plea could not be sustained.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and forty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This case must be reversed. On the 21st day of October 1907, two informations were filed against appellant charging him with the sale of intoxicating liquors to Tom A. Taylor on the 3rd

day of November, 1906, both based upon the affidavit of Hugh Davis taken before the county attorney of Brown County on the same day. There was nothing in either information or affidavit that gave any other or further description of the offense than that the sale was made to the witness named and on the day stated.

1. When this case came on for trial the appellant filed his plea of former conviction. This plea conformed as to form to the approved precedents in this State, and in substance averred that on the 28th day of January, 1908, he was legally convicted in the County Court of Brown County, upon a complaint and information which he copied, which were identical in every respect with the information and affidavit upon which this cause, No. 2887 in the County Court, was then being tried. Upon hearing it was shown that in the first case tried, in which a conviction was had, the same witness Taylor testified, in substance, that about the 3d day of the month of November, 1906, he bought a pint bottle of whisky from appellant at his place of business in Brownwood for which he paid him 75 cents; that on the day named he made two purchases of liquor from appellant, buying each time a pint of whisky and each time paying for same 75 cents; that one of the purchases was made about 1 o'clock p.m. on said day and the other about dark on the same day. The affidavit and information in the case in which he was convicted, as well as the judgment of conviction was shown. It appeared from the testimony of J. H. Baker, who was attorney for appellant in both cases, that the witness Taylor had testified to the purchase of both bottles of whisky from appellant on the day named and that nothing was said by him as to which was the first transaction, or what time during the day he bought either bottle. It further appeared from the testimony of this witness without contradiction, that the county attorney did not elect on the trial in which appellant was convicted as to which transaction he was prosecuting him, nor did he indicate in any manner as to which transaction he was seeking a conviction. The court submitted the special plea of former conviction to the jury in this language: "In this case the defendant has pleaded specially that he has heretofore been tried and convicted of the same offense for which he is now being tried, and evidence has been introduced before you with regard to said plea. You are charged, that in order to sustain said plea, you must be satisfied from the evidence that the offense for which the defendant was so formerly convicted was the identical case for which he is now on trial before you; that is, that the evidence in the former case and that introduced in this case, established one and the same state of facts and circumstances. If you are so satisfied and so believe from the evidence, then the form of your verdict will be, 'We, the jury find that the matters alleged in the defendant's plea of former conviction are true," and you need not inquire any further into nor render nor return any further verdict in the case." Article 561 of our Code of Criminal Procedure is as follows: "The only special pleas which can be heard for the defendant are: "1.

That he has been convicted, legally, in a court of competent jurisdiction, upon the same accusation, after having been tried upon the merits for the same offense." Under this statute, it has been held that to maintain a plea of former conviction, the accused must in his plea and by his evidence, identify the charge on trial with the offense previously adjudicated. Taylor v. State, 4 Texas Crim. App., 209. That it would be permissible to prosecute and convict a defendant for more than one such sale on a given day, we do not doubt or question, and unless in this case a fair analysis of the evidence and because the testimony leads to' the conclusion that appellant had identified with reasonable certainty the case and transaction upon which he had been formerly convicted, with the one for which he was being tried and from which this appeal results, it would follow of necessity, that his plea ought not to be sustained. We are confronted with this question: In a case where two prosecutions are filed for the same character of offense, occurring at different hours on the same day, on information and affidavits that are copies of each other, and when one of the cases is called and the witness testifies to both transactions, and a conviction is thereafter had, with nothing to indicate on which sale the adverse verdict is rendered, can another conviction be had on the same evidence and on the same charge submitting the same, substantial issues to the jury? We do not think so. While the law is in some state of uncertainty as to how far an election may be required in respect to misdemeanors, we think in every case, where a conviction is sought for two offenses of the same character, charged to have been committed on the same day, that the two transactions ought to be separated in the charge of the court, in some such way as that it can be ascertained with some definiteness whether in truth or in fact the conviction in the two cases will be convictions for different and separate transactions. We can well understand how in the first case the jury might have believed that appellant was guilty of the sale, which was alleged to have been made about dark on that day and by their verdict convicted him of that offense and in the light of the testimony have been unwilling to have convicted him on the transaction alleged to have occurred about 1 o'clock on the same day. We can as well understand how the jury, in the second case, might have been unwilling to convict appellant for the sale alleged to have been made about 1 o'clock on the 3rd day of November, 1906, and, yet, have found him guilty in respect to the sale charged to have been made later on the same day. So that it would result that in fact both juries had reached the same conclusion, both, in substance, acquitted appellant of the first sale alleged to have been made and both convicted him of the later transaction in the same day. So that it would result that there was a double conviction for the same offense by two different juries. We do not believe, under' the facts as here presented that the judgment of the court below should be permitted to stand, and for this reason it is ordered that the judgment of the court below be reversed and remanded.

*Reversed and remanded.*