MILT DUPREE v. THE STATE.

No. 3976.. Decided May 26, 1909.

Rehearing Denied June 23, 1909.

**1.—Local Option—Former Conviction—Appeal Pending.**

The plea of former conviction can not be interposed where the judgment in which the conviction is claimed has been appealed from and is pending at the time the plea is interposed in the case on trial.

**2.—Same—Case Stated.**

Where upon a trial of a violation of the local option law defendant interposed his plea of former conviction, and the evidence showed that the case in which he claimed conviction was pending on appeal, the plea was not sustained.

**3.—Same—Judicial Knowledge—Same Transaction.**

The trial court must take judicial notice that an appeal was pending in another case between the same parties on the same transaction, and no evidence was necessary to show this fact where a plea of former conviction had been interposed in the case on trial between the same parties on the same transaction.

**4.—Same—When Plea is Available.**

If the judgment was in another severable case, and in respect to a separate transaction, it could not avail as a basis of a plea of former conviction; and the true test is, were the parties the same, was the transaction the same; and the number of the case and other formal matter do not enter into the question.

**5.—Same—Charge of Court—Case Stated.**

Where upon trial of a violation of the local option law the defendant interposed his plea of former conviction, and it was shown that said former conviction had been suspended by an appeal of the case, the said plea was not available; and moreover the court having nevertheless submitted said plea on a proper charge, the defendant could not complain, and there was no error.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—Cited Murphy v. Citizens Bank, 100 S. W. Rep., 895; Moore v. Railway Co., 109 S. W. Rep., 497; Schoonmaker v. Lloyd, 9 Rich, S. C., 173; Gibson v. Robinson, 35 Am. St. Rep., 250, and cases cited in the opinion.

That neither this court nor the trial court was authorized or required to take judicial notice of its own proceedings and records in other cases, even though it be between the same parties, we call attention to the following authorities, each of which is in direct conflict with the court's holding in the case at bar: 16 Cyc., 918, and cases cited; 17 Amer. & Eng. Enc. of Law, p. 926, and cases cited; 7 Enc. of Evidence, p. 1003, and cases cited; Murphy v. Citizens Bank, 100 S. W. Rep., 895 (Ark.); Watkins v. Martin, 65 S. W. Rep., 425 (Ark.); Gibson v. Buckner, 44 S. W. Rep., 1034 (Ark.); Hall v. Cole, 76 S. W. Rep., 1076 (Ark.); Armendiaz v. Serna, 40 Texas, 291; Goodwin v. Harrison, 66 S. W. Rep., 308 (Tex.); Anderson v. Cecil, 38 Atl., 1074; Enix v. Miller, 6 N. W. Rep., 722 (Iowa); Garretson v. Ferrall, 61 N. W. Rep., 251 (Iowa); Stanley v. McElrath, 10 L. R. A., 545 (Cal.); Thayer v. Honeywell, 51 Pac., 929 (Kan.); Grace v. Ballou, 56 N. W. Rep., 1075 (S. D.).

We have not read the following cases, but from the digests each seems to hold same as above cases: Telephone Co. v. Ry. Co., 41 So. Rep., 492 (La.); Auditor Gen. v. Clifford, 107 N. W. Rep., 287 (Mich.); Allison v. Ins. Co., 104 N. W. Rep., 753 (Neb.); In re

Ollschlager, 89 Pac., 1049 (Oregon); McNish v. State, 36 So. Rep., 176 (Fla.).

On question of former conviction: Deshazo v. State, 44 S. W. Rep., 452; Piper v. State, 53 Texas Crim. Rep., 550, 110 S. W. Rep., 899.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

RAMSEY, Judge.—This is an appeal from a judgment of conviction had in the County Court of Brown County, on October 13, 1908, convicting appellant of unlawfully selling intoxicating liquors in said county and assessing his punishment at a fine of $50 and thirty days confinement in the county jail.

In this case a statement of the facts was filed which was duly approved by the court and in the case there is properly raised the issue and question as to the validity of appellant's plea of former conviction. This plea in substance contained averments that appellant had heretofore been convicted of the same offense, is well drawn, and is, we think, sufficient if sustained by the evidence, in that it in terms avers a conviction had in the County Court of Brown County, on the 28th day of July, 1907, convicting appellant of the sale of intoxicating liquors on a sale to the witness Couch on a general charge and is followed by the allegation that the "offense for which he is now being prosecuted is, under the law, one and the same transaction and offense as that for which he has heretofore been convicted and that said judgment has not been set aside or reversed, but remains in full force and effect and that he, affiant, is one and the same person who was thus tried and convicted and against whom the judgment aforesaid was rendered in said court, and, further, that the evidence of the witness Couch, upon which the judgment aforesaid was predicated was to the substance and effect that he bought various and sundry drinks of whisky and intoxicants from appellant on or about the day alleged in this case, all of which was before the jury in the cause in which he was convicted. On the trial appellant offered in evidence in support of his plea of former conviction, the indictment in said cause No. 2989, on which he had theretofore been convicted, which charges the sale of intoxicating liquor by appellant to J. C. Couch on or about the 10th day of April, 1907. The judgment of conviction had thereon in the County Court of Brown County, Texas, on the 28th day of July, 1907, and the charge of the court submitting this issue to the jury wherein the court gives this charge: "Now, if you believe from the evidence beyond a reasonable doubt that the defendant in Brown County, Texas, on or about the 10th day of April, 1907, and since the 16th day of November, 1906, next before the filing of the indictment herein, did unlawfully sell one drink of whisky, the same then and there being intoxicating liquor, to J. C. Couch, as charged, and that the sale of intoxicating liquor had theretofore

been and was then and there prohibited in said Brown County, under and by the laws of this State, then you will find defendant guilty and assess his punishment by a fine of not less than twenty-five nor more than one hundred dollars and imprisonment in the county jail for not less than twenty nor more than sixty days." There was no proof offered as to what had become of this judgment, as to whether it was final, had been set aside or appealed from. As a matter of fact it had been appealed from, the appeal was then pending and is today before this court. Appellant relies to sustain his plea upon the decisions of this court in the case of Piper v. State, 53 Texas Crim. Rep., 550, 110 S. W. Rep., 899, and Alexander v. State, 53 Texas Crim. Rep., 553, 110 S. W. Rep., 918. As applied to the facts of those cases there is and can be no doubt about the correctness of the decisions therein rendered. It is our judgment that plea of former conviction in this case should not have been submitted at all, and furnishes absolutely no protection to appellant. The court below, as all the courts of record, was authorized and indeed required to take notice of his own proceedings and records. The court and judge presiding knew and was charged by law with knowing that the conviction in the original case, the basis of the plea, had been appealed from and on such appeal the judgment and its effect suspended. It was held in the case of Maines v. State, 37 Texas Crim. Rep., 617, that on a plea of former conviction, where it appeared that defendant's motion for a new trial, in the case in which the conviction was had, was still pending, it was his duty to ask for a postponement of his trial; and it was his right to have a final disposition of the first case, before being forced to trial in the second, in order that he might avail of such disposition on his plea of former conviction. In discussing the case, Judge Henderson says: "In our opinion, it was the duty of appellant when he was placed on trial, in view of the fact that a motion for a new trial was pending in said former case, to have asked that the case then called for trial be postponed until the former case should be finally disposed of. It was his right to have a final disposition made of said other case before he was forced to trial in the last mentioned case, in order that he might set up such final disposition. This was not done. The record shows that there was really no final judgment against the appellant when he set up his special plea, and it further shows that while a new trial was then pending, before the record was made up and the bill of exceptions approved by the court in this case, a new trial was granted." To the same effect see Brown v. State, 43 Texas Crim. Rep., 272; Washington v. State, 35 Texas Crim. Rep., 156; Powell v. State, 42 Texas Crim. Rep., 11. This question came before this court in the early case of Thompson v. State, 9 Texas Crim. App., 649, in which Judge White says: "The position of counsel that the defendant had once before been placed in jeopardy and could not be again tried, though supported by an able and

ingenious argument, in which numerous authorities are cited, is wholly untenable. The circumstances are briefly these: The defendant had previously been tried and convicted. On his own appeal the conviction was set aside, the judgment reversed, and the case remanded for a new trial. 4 Texas Crim. Rep., 44. The effect of this action of the Court of Appeals upon the defendant's case was to place his case in precisely the same condition as if the District Court had granted a new trial and there had been no appeal. Code Crim. Proc., art. 876. In such a case the doctrine of former jeopardy has no application whatever, for the simple reason that there had been no final adjudication of the case. Vestal v. The State, 3 Texas Crim. App., 648, and authorities there cited. . Simco v. The State, ante, p. 338. The action of this court on the former appeal is known to us, and it is shown by the record that it was known to the court below on the present trial. The plea of former jeopardy was properly stricken out on the motion and demurrer of the county attorney."

It will be noted by the language of this case that an appeal had been had and a reversal obtained in this court. In many cases cited in the books, Dubose v. State, 13 Texas Crim. App., 418, and Parchman v. State, 2 Texas Crim. App., 228, it appeared that a motion for a new trial had been granted and for these reasons the plea of former conviction was held unavailable. It would, indeed, be a singular doctrine to hold that because in one case in prosecutions covering many months, a conviction for violating the local option law had been had, while contesting this conviction and resorting to all the means known to law to escape its result, the appellant would be able to use such conviction, while still denying its force and while suspending its effect, use it as a shield against prosecution for other sales. If this could be done it might easily happen that while contesting the first of thirteen cases an acquittal might be obtained in the remaining twelve cases on the ground of former conviction and finally on appeal a reversal obtained in the first case and ultimately a judgment of acquittal therein secured. It would thus happen that appellant would secure the benefit of a former conviction in the twelve cases, whereas, it might result that in the case used as a shield he would go free, and we would have the strange anomaly of twelve acquittals by reason of a former conviction when finally it should be determined that the appellant was not guilty at all and he would escape punishment in all thirteen cases, in some or all of which, he might be guilty, on the ground of a conviction in the trial court, contested by him, in which it had been finally determined that in fact he was not guilty of any offense. Our ruling is directly in keeping with the rule laid down in our Supreme Court. It was held in the case of Texas Trunk Ry. v. Jackson, 85 Texas, 605 (22 S. W. Rep., 1030), that an appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency, deprives judgment of finality of character necessary to entitle it to admis-

sion as res judicata. It was also held in the case of Maxwell v. First Nat. Bank, 24 S. W. Rep., 848, that res adjudicata can not be pleaded while judgment relied upon is pending on appeal in another suit. It was later held in the case of Buckner v. Lancaster, 40 S. W. Rep., 631, that a judgment from which an appeal is pending is not admissible in evidence as conclusive of the issue it involves. It is urged, however, that to adopt this practice would involve the application of a rule that would delay proceedings in courts and cause much confusion. That this might result is undoubtedly true, but, at least, it would follow the rule everywhere adopted in this State and would, while perhaps occasioning delay, result in the due administration of justice and would not involve the absurd and ridiculous result which the construction contended for by appellant would necessarily cause to apply.

Finding no error the judgment is affirmed.

*Affirmed.*

BROOKS, Judge, absent.

### ON REHEARING.

#### June 23, 1909.

RAMSEY, Judge.—In this case counsel for appellant have filed a very able, thoughtful and well considered motion for rehearing in which the correctness of the opinion of the court is questioned and its conclusion attacked with great vigor.

It is with entire candor admitted in the motion that the conclusion of the court in holding that an appeal from a judgment, during the pendency of such appeal, deprives same of the necessary character of finality before it can be pleaded in bar of another prosecution. This, it is conceded, is the rule of our Supreme Court, and is also the rule adhered to in very many of the other States of the Union. It is recognized that this is the first time the doctrine has been applied in this court, though the correctness of the doctrine laid down by us is substantially conceded. The conclusion of the opinion, with which issue is taken, is that part of same which holds, in substance, that a trial court would and should take judicial notice that an appeal was pending in this tribunal in the absence of any direct evidence to this effect. In the original opinion we made the following statement: "The court below, as all the courts of record, was authorized and indeed required to take notice of his own proceedings and records. The court and judge presiding knew and was charged by law with knowing that the conviction in the original case, the basis of the plea, had been appealed from and on such appeal the judgment and its effect suspended." This statement was made on the assumption that the case from which the former conviction resulted was indeed the same case on which appellant was in the instant case being prosecuted. If the judgment introduced was in another case,

and in respect to a separate transaction, it could not avail appellant as basis of a plea of former conviction. By the words "in another case" we mean, of course, another separate and severable transaction. So that, it seems to us that appellant's argument defeats itself. If, as a necessary result of his position, it is asserted that in the instant case the conviction could not be had for the reason that a former conviction in respect to the same matter had once been had against appellant, then where the parties were the same, the transaction the same, and before the same court, by all the rules of law the court must take cognizance of its own judgments in respect to such matter. If it be conceded it is a different case and different transaction, then it is not available as a basis of a plea of former conviction at all. We do not attach any importance to the fact that the former conviction was had in a merely different numbered case. The true test is, as we understand, were the parties the same? Was the transaction the same? To illustrate: if one should be indicted for murder, and on trial convicted of manslaughter, a new trial granted, and for any reason a new indictment found, the case docketed under a new number, could it be doubted that where pending in the same court, that the judge must take cognizance of the proceedings and judgments in the different numbered case against the same defendant? The statement in the original opinion was perhaps rather broader than should have been made and not stated with that exactitude and accuracy which is always desirable in opinions of courts of last resort, but we assumed that it would be understood and read with reference to and in the light of the facts shown by the record. There are many authorities holding that the courts are not required to take judicial cognizance and notice of their own judgments in cases pending therein between other parties. This rule is well established and supported by the cases cited by appellant, and of this rule the case of Slaughter v. Cooper, 107 S. W. Rep., 897, is an excellent illustration. In that case the judgment in the suit of Cooper v. Hefner was admitted in evidence, and it appeared on the face of judgment that notice of appeal was given, but it was not shown that the appeal was ever perfected so as to give it that finality necessary to make it admissible in evidence. And it was further objected because the appellant was not a party to the case and his rights were not concluded by reason thereof in this case. It was there held, following the case of Rust v. Burke, 57 Texas, 343, that the fact that an appeal was ever perfected can not be presumed, and that the judgment must be held to be a subsisting and valid judgment until the contrary was shown. There, as will be noted, the judgment was between different parties and one to which appellant was in no sense a party, and by which, in the nature of things, he could not be bound. We think further, in any event, that appellant is without complaint for the reason that the court did in an admirable charge submit the issue of former conviction to the jury. This matter was submitted to them in this

language: "In this case the defendant has pleaded specially that he has heretofore been tried and convicted of the same offense for which he is now being tried, and evidence has been introduced before you with regard to said plea.

"You are charged, that in order to sustain said plea, you must be satisfied from the evidence, that the offense for which the defendant was formerly convicted was the identical case for which he is now on trial before you; that is, that the evidence in the former case, and that introduced in this case, establishes one and the same state of facts and circumstances. Or if you find from the evidence and the former charge of the court the jury in former case could have convicted defendant of the charge for which he is now being tried, if you are so satisfied and so believe from the evidence, then the form of your verdict will be, 'We, the jury, find that the matters alleged in the defendant's plea of former conviction are true,' and you need not inquire any further into nor render or return any further verdict in the case.

"But should you not be so satisfied from the evidence, and upon further inquiry under the other instructions herein given you, you should find the defendant guilty, as charged in the indictment, then and in that event the form of your verdict will be, 'We, the jury, find that the matters alleged in the defendant's plea of former conviction are untrue, and we further find that the defendant is guilty as charged in the indictment and assess his punishment at fine and punishment as directed under the other instructions herein given you.'" It was, of course, under the well settled rules incumbent on appellant to show a conviction for the same offense as that wherein he is here charged.

We have carefully considered the matter and are clearly of opinion that appellant is without just cause of complaint, and that the judgment is correct.

The motion for rehearing is in all things overruled.

*Overruled.*