## AMOS FEARS V. THE STATE.

### No. 3637. Decided June 23, 1915.

**Local Option—Charge of Court—Election by State—Former Conviction.**

Where, upon trial of a violation of the local option law, the State relied on the testimony of one State's witness, who testified to three different sales on the same day of which defendant had been before convicted, and had filed his plea of former conviction in the instant case, and the testimony in both cases was exactly the same, and the State had not elected upon which sale the State would rely for conviction in the former case, and the court did not instruct the jury with reference thereto, the same was reversible error. Following Alexander v. State, 53 Texas Crim. Rep., 553, and other cases.

Appeal from the County Court of Sabine. Tried below before the Hon. J. B. Lewis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. R. Cousins,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of same offense: Morton v. State, 37 Texas Crim. Rep., 131, and cases cited in the opinion.

HARPER, JUDGE.—Appellant was prosecuted under a complaint charging him with making a sale of intoxicating liquor to John Bostick on or about the 10th day of January, 1910. This information is identical with that in cause No. 3636 now pending in this court. On

this trial John Bostick testified: "I live at Pineland, Sabine County, Texas; on or about the 5th day of January, A. D. 1915, I bought three half pints of whisky from the defendant, Amos Fears. (Points him out.) I bought one-half pint about 10 o'clock in the morning and another half pint about 2 o'clock in the evening, and about 2:30 in the evening I went back and bought another half pint. I paid 65 cents in Pineland checks for each one-half pint. I paid for each pint as I got it. The whisky was in half pint bottles. This all occurred in Sabine County, Texas." He testified the same in cause No. 3636.

The court in this cause and in cause No. 3636 authorized a conviction of appellant if he "did unlawfully sell intoxicating liquor to John Bostick as charged at any time within two years next before the filing of the information." Thus it is seen that in this case and in cause No. 3636 upon identically the same testimony the court authorized a conviction upon any sale testified to by the witness. It may be and is true that appellant committed a separate and distinct offense each time he made a sale, but in the first case tried the court authorized his conviction upon either one of the sales. If the State desired to prosecute him more than once it should have elected the identical sale upon which it sought a conviction, and the court should so have instructed the jury. As the court did not do so, when this case was called appellant filed a plea in proper form, pleading former conviction. This plea should have been sustained, when it developed the testimony was exactly the same. The State called and relied on no other witness than Bostick in both cases. This question is so fully discussed in Alexander v. State, 53 Texas Crim. Rep., 553, and Piper v. State, 53 Texas Crim. Rep., 550, we do not deem it necessary to do so again. As will be seen by the cases above referred to and the cases of Alexander v. State, 53 Texas Crim. Rep., 553, and Piper v. State, 53 Texas Crim. Rep., 550, the question in this case is identical with the question in those cases, and in accordance with the opinions in those cases this case must be reversed and remanded.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*