## FEBRUARY, 1925.

BARNEY CLONINGER v. THE STATE.

No. 8290.   Delivered February 11, 1925.

Rehearing denied June 24, 1925.

1.—Rape—Indictment—Order of Trial—In Control of Court.

There being two indictments for rape, charged to have been committed by appellant on prosecutrix Euleta Croft, on different dates, there was no error in the court putting appellant on trial in this case and refusing his motion to be placed on trial in the other case. The court was not bound, absolutely to dispose of the cases on his docket in the order in which they appeared thereon.   Following Simpson v. State, 263 S. W. 273.

2.—Same—Jeopardy—Plea of—No Final Judgment—Properly Refused.

Where a plea of jeopardy is presented, predicated upon a former conviction under another indictment, which has been appealed and the cause reversed, and remanded, there being no final judgment, such plea is properly overruled.   Following Brill v. State, 1 Tex. Crim. App. 153 and many other cases cited.

3.—Same—Continued.

While it is true that after a plea of not guilty to all counts in an indictment and a new trial is granted, or a reversal of the judgment is had, defendant cannot be prosecuted in a subsequent trial on the abandoned counts, appellant's plea is based on no such condition, and the cases cited by him are not in point.   Before a plea of jeopardy can be sustained it must appear that the former trial was upon the same identical criminal act for which the state is again seeking to place the accused on trial.

4.—Same—Evidence—Of Two or More Acts—Bars Other Prosecutions.

Where there are plural indictments charging rape of the same prosecutrix on different dates, and evidence of more than one act is admitted, and a conviction for either could be had under the indictment, and the state does not elect one particular act, a plea of former conviction would be good upon a subsequent prosecution, it being uncertain for which one the conviction was first had.   Following Deshazo v. State, 44 S. W. 453 and other cases.

5.—Same—Jeopardy—Practice in Trial Court.

Where a plea of jeopardy is good in law, if the facts therein alleged can be sustained, it it error for the court to refuse to submit the plea to the jury, but if conceding the matters set up in the plea to be true, if they present no

(1)

legal issue of jeopardy, the court commits no error in refusing to permit the plea to go before the jury. Following Hipple v. State, 80 Tex. Crim. Rep. 531, 191 S. W. 1150,·and other cases.

**6.—Same—Unchastity of Female—Under 18 Years—How Proven.**

Where, on a trial for rape, the female is shown to be over 15 years and under 18 years of age the fact of unchastity, when presented as a defense, must be shown by specific acts, and not by general reputation. Following Norman v. State, 89 Tex. Crim. Rep. 330, 230 S. W. 991.

ON REHEARING

**7.—Same—Jeopardy—Plea of—Practice in Trial Courts.**

Where appellant is charged with rape by two indictments, on the same female, on different dates, a conviction of either offense is no bar to a prosecution for the other offense. If under the law the second act of intercourse would not be rape, by reason of the unchastity of prosecutrix, the mere conviction, for that act where the judgment had been reversed on appeal, could not be a bar to a subsequent trial, and conviction for the first act of intercourse, no issue of unchastity being involved in the first act of intercourse.

Appeal from the District Court of Denton County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction of rape; penalty, five years in the penitentiary.

The opinion states the case.

*P. G. Henderson, Owsley & Owsley,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for rape. The punishment is five years in the penitentiary.

On October 29th, 1920, there were returned into the district court for Denton County, two indictments against appellant both charging him with rape upon Euleta Croft, a female under eighteen years of age. In cause number 5889 the offense was alleged to have occurred on or about August 1st, 1920, and in cause number 5890 the date of the offense there charged was on or about October 7th, 1920. Cause No. 5889 was tried at a former term of the court. At that trial the State proved an act of intercourse between appellant and prosecutrix in "Eagan's pasture." On cross-examination of prosecutrix appellant developed the fact that the act in "Eagan's pasture" was not the first such act between them, but that a prior act of intercourse took place at a garage in the city of Denton. However the State elected to proceed on the act in "Eagan's pasture." A conviction resulted. The judgment was reversed because by reason of the prior act in the garage prosecutrix was unchaste at the time of the transaction relied on by the State. (Cloninger v. State, 91

Texas Crim. Rep. 143, 237 S. W. 288; Art. 1063, Complete Texas St. 1920, Acts 1918, 4th C. S. Ch. 50, Sec. 1.) The mandate of this court was returned to the court below, and when this cause (No. 5890) was called for trial both cases were still pending. Appellant filed a motion to compel the State to dismiss cause No. 5889. This being overruled he requested a postponement of the trial in cause No. 5890 until cause No. 5889 had been disposed of; this being denied he then filed a plea of former jeopardy based upon the facts heretofore recited. The plea of jeopardy was overruled by the learned trial judge, who declined to permit it to be read to the jury, or to submit it for their consideration. These rulings of the court are made the subject of exceptions.

While the date of the offense as charged in the indictment in the present case was subsequent to the date charged in cause No. 5889, it is shown that the State was relying and did rely on the prior act of intercourse claimed to have occurred in the garage. This it had a right to do, the evidence showing it to have taken place within the period of limitation. This cause (No. 5890) had been set down for trial, and a special venire drawn and summoned from which to select the jury. Cause No. 5889 had not been set down for trial. The court was not bound absolutely to dispose of the cases on his docket in the order in which they appeared thereon. (Simpson v. State, 263 S. W. 273). We find nothing in the record to indicate any injury to appellant by reason of the court's action in permitting cause No. 5889 to remain on the docket. If that case was ever mentioned or referred to in any way in the presence of the jury we are not made aware of it.

The plea of jeopardy might very properly be dismissed from consideration on the ground that the case relied on as a basis for such plea had not been merged into a final judgment, but the conviction had been set aside. Brill v. State, 1 Texas Crim. App. 153, Lewis v. State, 1 Texas Crim. App. 323; DuBose v. State, 13 Texas Crim. App. 418; Robinson v. State, 23 Texas Crim. App. 315; Maines v. State, 37 Texas Crim. Rep. 617, 40 S. W. 490; Coleman v. State, 43 Texas Crim. Rep. 280, 65 S. W. 90. But if this were not true we think the plea of jeopardy untenable for another reason. The cases cited by appellant support the proposition that after a plea of not guilty to all counts in an indictment, then after a new trial is granted or a reversal of the judgment is had defendant cannot be prosecuted in a subsequent trial on the abandoned counts. Tracy v. State, 49 Texas Crim. Rep. 38, 90 S. W. 308; Broadnax v. State, 150 S. W. 1169; Betts v. State, 60 Texas Crim. Rep. 631, 133 S. W. 251. Many other cases to the same effect will be found collated under Sec. 628, page 318, Branch's Ann. P. C. Appellant's plea is based on no such condition. The indictment under which the former trial and conviction occurred contained only one count charg-

ing rape. The evidence developed two acts of intercourse upon either
of which the State could have maintained a conviction but for the
statute (Acts 1918, 4th C. S. Ch. 50, Sec. 1) making unchastity a
complete defense where the female is between fifteen and eighteen
years of age, thus preventing conviction for any act of intercourse
subsequent to the first. It appears from the plea of jeopardy itself
that in the former trial the State elected to prosecute on a sub-
sequent act in "Eagan's pasture". The charge restricted the jury
to that transaction alone. Before a plea of jeopardy can be sus-
tained it must appear that the former trial was upon the same
identical criminal act for which the State is again seeking to place
accused upon trial. This idea is excluded in the present instance.
Each act of intercourse with a girl under the age of consent is
ordinarily an offense. If evidence of more than one act is admitted
and a conviction for either could be had under the indictment, and
neither the State nor the court elects one particular act on which
conviction is sought, a plea of former conviction would be good upon
a subsequent prosecution based on any one of the acts or offenses
proved upon the other trial, it being uncertain for which one the
conviction was had; but this is not the rule where an election was
made and the jury restricted to one particular act, for then no un-
certainty obtains as to the transaction for which conviction occurred.
Deshazo v. State, 44 S. W. 453, Piper v. State, 53 Texas Crim. Rep.
550; 110 S. W. 899; Alexander v. State, 53 Texas Crim. Rep. 553,
110 S. W. 918; Fears v. State, 178 S. W. 519; Griffey v. State, 56
S. W. 52. The act of the State upon the other trial in electing to
ask a conviction on the transaction in Eagan's pasture did not acquit
appellant of the act in the garage. It is well settled that where a
plea of jeopardy is good in law if the facts therein alleged can be
sustained it is error for the court to refuse to submit the plea to the
jury, but if conceding the matters set up in the plea to be true they
present no legal issue of jeopardy the court commits no error in
refusing to permit the plea to go to the jury. Hipple v. State, 80
Texas Crim. Rep. 531, 191 S. W. 1150; Dunn v. State, 92 Texas Crim.
Rep. 126, 242 S. W. 1049.

In excluding the testimony offered by appellant to prove the
general reputation of prosecutrix for virtue and chastity the ruling
is in accord with Norman v. State, 89 Texas Crim. Rep. 330, 230
S. W. 991, holding that when accused defends against a charge of
rape on the ground of the unchastity of the female who is over
fifteen years of age the fact of unchastity must be shown by specific
acts and not by reputation.

We have examined other matters brought forward for review and
in our opinion none of them present error calling for a reversal.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In deference to the very earnest motion for rehearing and oral argument made by counsel for the appellant, we have made the most careful and through study of the legal questions controlling the case of which we are capable.

Two indictments were filed on the same day. In each the appellant was charged with the offense of rape. In cause No. 5889, the date of the offense was laid as of August 1, 1920, and in cause No. 5890, the date of the offense was laid as of October, 7, 1920. Cause No. 5889 was tried first and the judgment of conviction was reversed by this court in February, 1922. The report of the case will be found in 91 Texas Crim. Rep. 143. The trial in cause No. 5890 occurred in March, 1923, and it is from a conviction in that case that this appeal is prosecuted. On the first trial there was evidence of two acts of intercourse; one in a certain garage, the other a few days later, in a certain pasture. In the trial of the first case, the State relied on proof of the latter act—the one in the pasture. The conviction was set aside on appeal because by the act of intercourse in the garage the prosecutrix became unchaste and was therefrom not the subject of this particular character of rape. Under the indictment upon which the first case was tried, evidence of either offense would have been permissible. It charged but one offense, however. The law of this State does not permit one to be charged in the same count in the indictment with more than one felony. The indictment in the case first tried being so worded as to admit proof of either of the offenses in question, and evidence of each of them having gone before the jury, a plea challenging the right of prosecution on the other indictment might have been tenable if there had been a final judgment of acquittal or conviction and the record had been left in such condition as to render doubtful or questionable the particular transaction upon which the judgment was so based. Whether under some circumstances such uncertainty would warrant a plea of former jeopardy need not in the present matter be decided for the reason that this record does not leave doubtful or uncertain the transaction upon which the judgment in the case first tried was based.

We find these words in the charge to the jury in the former case:

"There is evidence before you showing that defendant and the witness Euleta Croft had sexual intercourse with each other at other times and places than that in Eagan's pasture.

"You are further instructed that the defendant is on trial for the offense alleged to have occurred in Eagan's pasture and he can not be convicted for any other offense."

Unless we have misread, misunderstood or failed to comprehend the principles of the law and the precedents touching the subject

of election as between counts or between transactions, the former trial did not preclude the present prosecution.

The principles and the practice are well illustrated by the decisions of this court in which the accused was charged with the unlawful sale of intoxicating liquor. In the original opinion, three such cases are cited—one written by Presiding Judge Davidson, one by Judge Ramsey, and another by Judge Harper. In all of these cases there was an undivided opinion. From them we deem it expedient to produce the following quotations:

"Where two transactions are placed in evidence under an indictment, the allegations of which could be sustained by the same facts, and the evidence as introduced is submitted to the jury without confinement, or restriction or limitation to either, but the jury are turned loose and select either as the basis of the conviction, a plea of jeopardy should be sustained in the trial of the second case." (Piper v. State, 53 Texas Crim. Rep. 551).

"We are confronted with this question: In a case where two prosecutions are filed for the same character of offense, occurring at different hours on the same day, on information and affidavits that are copies of each other, and when one of the cases is called and the witness testifies to both transactions, and a conviction is thereafter had, with nothing to indicate on which sale the adverse verdict is rendered, can another conviction be had on the same evidence and on the same charge submitting the same substantial issues to the jury? We do not think so. . . . We think in every case, where a conviction is sought for two offenses of the same character, charged to have been committed on the same day, that the two transactions ought to be separated in the charge of the court, in some such way as that it can be ascertained with some definiteness whether in truth or in fact the conviction in the two cases will be convictions for different and separate transactions." (Alexander v. State, 53 Texas Crim. Rep. 555.)

"If the State desired to prosecute him more than once it should have elected the identical sale upon which it sought a conviction, and the court should have instructed the jury. As the court did not do so, when this case was called appellant filed a plea, in proper form, pleading former conviction. This plea should have been sustained, when it developed the testimony was exactly the same." (Fears v. State, 178 S. W. Rep. 519.)

The pertinency of these precedents to the case in hand, to the writer, seems obvious. Appellant was charged with two separate offenses of a similar nature, occurring on different dates and at different places; that separate transactions were relied upon was made clearly manifest by the evidence. Applying the verdict in the case first tried to the charge of the court in the first case as quoted above, that the verdict was based upon a transaction different

from that which is the basis of the present appeal is not left open to question. How the fact that the commission of the offense in the garage which antedated the transaction in the pasture and which was an obstacle to the conviction of the appellant upon the latter transaction would affect the legal question controlling this appeal is not perceived. The grand jury returned indictments on each transaction. His guilt of one of the offenses charged under the evidence prevented his conviction of the other. In the only case in which he stands convicted, the State's evidence shows him guilty. The fact that he was not guilty in the second case cannot be held to excuse him in the present one.

The motion is overruled.

*Overruled.*