**George MARSHALL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41364.**

Court of Criminal Appeals of Texas.

Oct. 9, 1968.

Rehearing Denied Nov. 6, 1968.

Brantley Pringle, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Fort Worth, John Howze and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is the possession of marihuana; the punishment, life.

Two single count indictments were returned on November 22, 1966, into the

same district court, charging George Marshall with the possession of marihuana. These indictments were identical. The district clerk assigned one of them No. 73230 and the other 73232 and each was entered on the docket of the same court. The indictments each allege that George Marshall on or about the 24th day of August, 1966, did possess a narcotic drug, to-wit: marihuana.

It is undisputed that the George Marshall charged in each of the indictments is one and the same person.

When Cause No. 73230 (our Cause No. 41,364), was called for trial, the appellant filed his plea alleging that he had been tried for the possession of marihuana in Cause No. 73232 (our Cause No. 41,365), in the same court and was found guilty by a jury on March 14, 1967, and the court assessed his punishment at fifty years. The plea was overruled.

Cause No. 73230 (our Cause No. 41,364), was tried on May 16, 1967, and is now before this court for review along with Cause No. 73232 (our Cause No. 41,365, 432 S.W.2d 917, this day affirmed), which was tried on March 14, 1967.

Upon the trial in Cause No. 73232, on March 14, 1967, which was tried before Cause No. 73230, the witness Sam J. Roberts, a federal agent, testified that at approximately 1:45 a. m., August 23, 1966, he bought two marihuana cigarettes from the appellant, and that on August 24, 1966, he bought nine marihuana cigarettes from the appellant.

Upon the trial in Cause No 73230, on May 16, 1967, the witness Roberts testified that about 1:45 a. m., August 23, 1966, he bought two marihuana cigarettes from the appellant.

In his motion for new trial, the appellant urged his plea of former conviction alleging that prior to this trial he had been convicted upon an indictment containing identical allegations, and that the evidence of either or both of the sales on August 23 and 24, 1966, could have been found by the jury as a basis for their verdict of guilty.

The indictments are identical and each includes an "on or about" allegation as to the possession of marihuana on August 24, 1966. In submitting each of said causes to the jury, the court used identical language in applying the law to the facts.

The indictment, charge of the court, and the verdict of the jury in Cause No. 73230, fail to use any descriptive terms which would in any manner differentiate or make capable of definite ascertainment the identical act or acts in evidence which the jury found as a basis for the verdict of guilty.

16 Tex.Jur.2d 285, Section 139, reads in part as follows:

"Where two or more similar but separate acts constituting separate offenses are placed in evidence under an indictment or information under which a conviction of either offense can be had, and neither the state nor the court elects one particular act on which conviction is sought, a plea of former conviction or of former acquittal will be good on a subsequent prosecution based on any of the acts or offenses proved, it being uncertain for which one the conviction was had."

See also: Emmons v. State, Tex.Cr. App., 29 S.W. 475; Piper v. State, 53 Tex.Cr.R. 550, 110 S.W. 899; Alexander v. State, 53 Tex.Cr.R. 553, 110 S.W. 918; Fears v. State, 77 Tex.Cr.R. 297, 178 S.W. 519; Ellis v. State, 167 Tex.Cr.R. 87, 318 S.W.2d 655.

There was evidence introduced in Cause No. 73230 that had been theretofore introduced in Cause No. 73232 which was sufficient to sustain a conviction in Cause No. 73232 and could have been used for either or both verdicts in said causes.

For the refusal of the court to grant the motion for new trial, the judgment is reversed and the cause is remanded.