Laumont HILL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 52337 and 52338.

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

Rehearing Denied Jan. 12, 1977.

Mike Aranson, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald H. Flanary, Jr., G. Norman Kinne and Kelly Loving, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

In a single trial, appellant was tried under four indictments charging him with sales of heroin. While two of the indictments appear to have alleged sales on or about April 24, 1973, and May 2, 1973, the indictments in causes numbered (in the trial court) C–73–7976–J and C–73–7977–J both alleged sales on or about April 27, 1973, and it is from convictions in the latter two causes that these appeals are taken. After the jury found appellant guilty, the court assessed punishment at 12 years in each of the two cases.

Narcotic agent Braswell testified that he purchased two papers of heroin from appellant on April 24 for $100.00. At "approximately 11:05 to 11:10 A.M." on April 27 the agent purchased one paper of heroin from appellant for $50.00 and that afternoon, "at approximately 2:50 P.M.," Braswell testified he purchased four papers of heroin and some cocaine from appellant for two hundred fifty dollars. The testimony of the agent further reflected a purchase of two papers of heroin for $100.00 on the afternoon of May 2, 1973.

In the two grounds of error advanced by appellant, it is urged (1) "the trial court erred in denying appellant's motion to quash," and (2) "the trial court erred in allowing the State's attorney to arbitrarily choose which sale related to which cause."

The indictments in the two causes are identical, alleging in pertinent part that appellant,

". . . on or about the 27th day of April in the year of our Lord One Thousand Nine Hundred and 73 in the County and State aforesaid, did then and there unlawfully sell a narcotic drug, to wit: Heroin to Troy Braswell . . . ."

In his motion to quash, appellant urged (1) the indictment did not allege an offense with sufficient particularity for him to prepare a defense and (2) to require appellant to proceed to trial under the two indictments would deny him the defense of jeopardy.

Appellant does not challenge the sufficiency of the indictment to charge an offense. The thrust of his argument appears to be that the indictments were ". . . clearly insufficient to inform the appellant of what 'cause' or facts differentiated C–73–7976–J from C–73–7977–J."

■ An indictment, to be sufficient, must give the day, month, and year of the commission of the offense. *Hess v. State*, 528 S.W.2d 842, Tex.Cr.App. Both indictments alleged that the offenses occurred "on or about" April 27, 1973. The State is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation. *Nees v. State*, 402 S.W.2d 186, Tex.Cr.App.; Art. 21.02(6), V.A.C.C.P. The limitation period applicable to the offense here charged is three years anterior to the presentment of the indictment. Art. 12.01(4), V.A.C.C.P. If it be appellant's position that one of the indictments should have averred that one sale occurred on or about 11:05 A.M. on April 27, 1973, and the other indictment alleged another sale on the same date at about 2:50 P.M., the State still would not have been prohibited from proving any one of the sales of heroin to Braswell (all falling within the limitation period) under either indictment. "While the State is not required to plead its evidence, the allegations in the indictment must be sufficient to apprise the appellant of the act he is charged with committing." *Seiffert v. State*, 501

S.W.2d 124, Tex.Cr.App. We find that the State has met such burden in its pleading and find no merit in the contention that the indictment was not sufficient to enable appellant to prepare a defense.

With respect to appellant's argument that the court's ruling denied him the defense of jeopardy, we find that *Marshall v. State*, 432 S.W.2d 918, Tex.Cr.App., cited by appellant, distinguishes the instant case from those cases where jeopardy was found to bar a second prosecution.

In *Marshall*, the defendant was charged with possession of marihuana in two cases. Upon the trial of the first cause, evidence of two sales of marihuana was presented. This Court found that defendant's plea of jeopardy should have been sustained at the subsequent trial upon the second indictment, the opinion reciting that the second trial fell within the following rule:

"Where two or more similar but separate acts constituting separate offenses are placed in evidence under an indictment or information under which a conviction of either offense can be had, and neither the state nor the court elects one particular act on which conviction is sought, a plea of former conviction or of former acquittal will be good on a subsequent prosecution based on any of the acts or offenses proved, it being uncertain for which one the conviction was had."

■ Unlike *Marshall*, evidence under both indictments was presented at a joint trial and the State advised the court that it was seeking a conviction in Cause No. C–73–7976–J upon evidence showing a sale on the afternoon of April 27, 1973, and in Cause No. C–73–7977–J evidence was offered on a sale that occurred at "11:05 to 11:10 A.M." Thus, there was no uncertainty in the instant case as to which evidence or set of facts each conviction was based on. We find no merit in appellant's contention that the court's action in overruling his motion to quash denied him the defense of jeopardy.

We reject appellant's contention that the court erred in allowing the prosecutor to choose which sale related to which cause.

To the contrary, we find that it was appropriate for the State to elect as to which "particular act on which conviction is sought" in each of the two causes. *Marshall v. State*, supra.

The judgments are affirmed.

Opinion approved by the Court.