## JOE WILSON v. THE STATE.

### No. 2959.  Decided October 19, 1904.

**1.—Embezzlement—Indictment—Servant.**

Where appellant was the servant and employee of C., and as such was sent by him to the village of B. to buy and bring home some medicine for prosecutor; and was entrusted with a mare by prosecutor, to ride for said purpose, the appropriation of said animal under such circumstances would be embezzlement and not theft under the general statute, and the indictment was properly drawn under article 938, Penal Code.

**2.—Same—Theft of Bailee—Prosecution Under Either.**

Although an act may have constituted theft of property acquired by bailment under article 877, Penal Code, that affords no reason why it would not also constitute embezzlement under the general statute.

**3.—Same—Evidence of Conversion Sufficient.**

Where the evidence showed that appellant endeavored to sell a mare with which his employer had entrusted him and did not go to the place to which he was sent by the prosecutor to get some medicine for him, the conversion and appropriation is sufficient to sustain the conviction for embezzlement, although such sale was not perfected.

Appeal from the District Court of McLennan. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of embezzlement, and his punishment assessed at two years confinement in the penitentiary. The indictment is in two counts, charging appellant with embezzlement of a horse, alleged to have come into his possession as bailee of one B. F. Carter. The indictment appears to have been drawn under article 938 Penal Code. Under the facts of this case the indictment properly charged embezzlement instead of theft. The facts briefly stated show that appellant was the servant and employee of Carter, and as such was sent by him to the village of Battle, McLennan County, to buy and bring home some medicine for prosecutor; and was entrusted by prosecutor with the mare to ride for said purpose. The appropriation of the animal under such circumstances would not have constituted theft under the general statute, appellant being the mere servant of James. Bailey v. State, 18 Texas Crim. App., 425; Graves v. State, 42 S. W. Rep., 300. Although the act may have constituted theft of property acquired by bailment under article 877 Penal Code, that affords no reason why it would not also constitute embezzlement under the general statute. In Livingston v. State, 38 Texas Crim. Rep., 535, the facts were somewhat different from those here, showing only a bare custody of the barber shop in the absence of the employer; and it was there held that they did not constitute appellant the possessor of the goods in such manner, as that he could not be guilty of committing a theft thereof. In the case at bar, there is no question as to the possession of the mare by appellant. While this was a mere gratuity, the mare being furnished by the master to the servant in his employment as such it was none the less a bailment. Malz v. State, 36 Texas Crim. Rep., 447. Did appellant embezzle said mare? It is contended that his acts do not evidence an actual appropriation or conversion inasmuch as there was no consummated sale of the mare by appellant. It may be conceded that the sale of the mare was not perfected, yet the circumstances show a sufficient appropriation to constitute a conversion. Steadham v. State, 40 Texas Crim. Rep., 43. It is shown that appellant did not go to Battle, where prosecutor sent him to get the medicine, but instead proceeded to Waco, and there we find him endeavoring to sell the mare. This was sufficient to show a conversion. The charge of the court sufficiently covered the case, and it was not necessary to give the special instructions requested by appellant. There being no error. in the record, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.