R. L. LANDIS v. THE STATE.

No. 4863.  Decided November 27, 1918.

Rehearing denied June 4, 1919.

**1.—Embezzlement—Sufficiency of the Evidence.**

Where, upon trial of embezzlement, the evidence sustained the conviction there was no reversible error.

**2.—Same—Evidence—Incorporation—Charter—Oral Testimony.**

Where, upon trial of embezzlement, the owner was alleged to be an incorporated company, there was no error in permitting the attorney of the company to testify without objection that he procured the charter of said company, and handing him a copy of the said charter which was then introduced in evidence and which was duly certified by the secretary of State. Following Zweig v. State, 74 Texas Crim. Rep., 306, and other cases.

**3.—Same—Evidence—Confessions—Itemized Statement.**

Upon trial of embezzlement, there was no error in admitting testimony of the manager, of the corporation whose goods were embezzled, that he put defendant in charge as agent, and manager of said business, and that defendant confessed to him that he had embezzled certain money of the corporation, and to permit him to introduce in evidence an itemized statement as to defendant's defalcations and which defendant signed before he was arrested. Following Leach v. State, 46 Texas Crim. Rep., 507, and other cases.

**4.—Same—Evidence—Circumstantial Evidence.**

Upon trial of embezzlement, there was no error in admitting in evidence the sales slips evidencing the money which defendant had embezzled, and to permit the banker to testify that defendant deposited money on individual account, etc.

**5.—Same—Charge of Court—Theft—Embezzlement.**

Where, upon trial of embezzlement the evidence showed that defendant as the agent of an incorporated company embezzled some of its funds, the evidence sustained the conviction and the contention of the defendant that if he was guilty of any offense it was that of theft and not embezzlement was untenable. Following Johnson v. State, 71 Texas Crim. Rep., 206, and other cases, however, if the act of defendant constituted theft this was no reason why it should not also constitute embezzlement. Following Wilson v. State, 47 Texas Crim. Rep., 159, and other cases.

**6.—Same—Charge of Court—Felony—Misdemeanor.**

Where the facts did not call for any charge of the court on embezzlement of less than fifty dollars, there was no error in the court's failure to submit a charge thereon. Following Lawshe v. State, 57 Texas Crim. Rep., 32.

Appeal from the District Court of Tarrant.  Tried below before the Hon. George E. Hosey, judge.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. J. Power,* for appellant.—On question of insufficiency of the evidence: Roeder v. State, 39 Texas Crim. Rep., 199.

On question of theft; Zysman v. State, 60 S. W. Rep., 669.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of admitting charter in evidence: National Bank v. Texas Investment Co., 74 Texas, 421.

On question of embezzlement: Wise v. State, 41 Texas, 139.

PRENDERGAST, Judge.—Appellant was convicted of embezzlement of more than $50 and his punishment assessed at the lowest fixed by law.

The indictment alleged that on or about May 30, 1916 appellant was the agent, clerk, manager and attorney in fact of the incorporated company Wise Hearne Shoe Company and as such he did then and there unlawfully and fraudulently embezzle and fraudulently misapply and convert to his own use without the consent of said company $72.30 which was the corporeal personal property of and belonging to said company and which money had theretofore come into his possession and was then and there under his care by virtue of said agency, etc.

The State, by its evidence which was wholly uncontradicted and unimpeached, made a clear case against appellant literally in substance and effect proving every allegation in the indictment and every fact necessary and proper for his conviction. He introduced no evidence and no witness.

We regard many of appellant's contentions as of minor importance if any, and all of them without any merit. It will not be necessary

to take them up severally and discuss them but what we will have
to say will dispose of all of them.

Mr. Short of the law firm of Capps, Cantey, Hanger & Short of Ft.
Worth testified that he and his firm were the attorneys for said
company. That he represented it in the incorporation of it and
procured its charter. Thereupon the State's counsel handed to
him the charter of said company. The court did not err in permit-
ting Mr. Short to testify: This is the original charter of the Wise
Hearne Shoe Company granted said company by the State of
Texas. The State then at once introduced in evidence the said
charter. It is unnecessary to copy it. It is in complete compliance
in every way with such charters as granted by the State of Texas
under the statutes. It was certified to be a true copy of that filed
in the Secretary of State's office by D. A. Cregg, Chief Clerk,
Acting Secretary of State. The statute expressly authorizes the Chief
Clerk to act as secretary of State in the absence of the Secretary
or his inability from any cause to act. (R. S. Art. 4319). The
court did not err in admitting the charter in evidence. In addition,
the testimony of Mr. Short which was not objected to was amply
sufficient to prove that said company was duly incorporated. Such
proof could be made orally. White v. State, 61 Texas Cr. Rep., 498;
Zweig v. State, 74 Texas Cr. Rep., 306; 3 Enc. of Ev., p. 604, sub.
D: Fleener v State, 23 S. W. Rep., 1; Whitman v. Com., 121 Mass.
361; Lowe v. State, 46 Indiana, 305; Smith v. State, 34 Texas
Cr. Rep., 265.

The facts show that the Florsheim Shoe Company of Chicago,
Ill., a corporation, owned said Wise-Hearne Shoe Co.; that all of
the Florsheim' Company's officers lived in Illinois and none of
them in Texas; that they managed, controlled and operated said
Wise-Hearne Shoe Company through their agent Mr. S. V. Wright.
Mr. Wright is shown to have had general supervision, control and
management of said Wise-Hearne Shoe Company; employed and
discharged its manager from time to time as he saw fit and
had such control of said Company from the time of its organization
and when it began business in Ft. Worth. That he put appellant
in charge as manager of said business about September, 1915, whose
duties as the local manager were to look after the store and do just
such things that the manager of an ordinary business would do,
and among other things was at the close of each day's business to take
the money received and placed in the till out of it and put it in
the safe and then the next business day to deposit all of that money
in a bank in Ft. Worth. That on May 30, 1916, he went to this
store to check it up and so told appellant. That on this occasion he
went to the till or cash drawer, counted the money, checked up the
sales from the sales slips which were there, then went to the safe
and checked up the money therein. That the sales slips called for
two hundred and one dollars and some cents more than there was

cash. That the sales slips of Saturday, May 27th totaled $71.30; that the sales slips representing the cash received on May 27th had not been entered up by appellant when he checked these matters up on May 30th. That upon finding this state of facts, he concluded he had better take a complete inventory of the stock and check up everything and he so told appellant and that he, appellant and the only other clerk in the store, Mr. Crow then took an inventory and checked up everything. That it took several days to do this and upon its completion he found a "shortage" by appellant of a total of $1720.51. A complete itemized statement of all these matters was prepared by Mr. Wright and signed by appellant, duly witnessed and completely proven up. This signed proven up statement was introduced in evidence. Among other admissions and statements by appellant in it, are these:

"Ft. Worth, Texas, June 14, 1916

"Statement of shortage (showing the different sources of the shortage) at present existing in the business and assets of Wise-Hearne Shoe Company, 700 Main St., Ft. Worth, Texas. Said shortage having occurred during the time the said Wise-Hearne Shoe Co. was under the management of Mr. R. L. Landis and said R. L. Landis being responsible for same. ·

"Cash drawer, short when cash was balanced 5/30/16
by R. L. Landis and S. V. Wright—said cash having
been appropriated to his own personal use by
R. L. Landis.                                              $200.45"

And again as follows:

"Merchandise short as shown by inventory taken May 31st., by R L. Landis and S. V. Wright—this shortage having occurred through merchandise being sold, no record made of the sale, and the cash appropriated to his own use by R. L. Landis, wholesale cost (299 prs)                                              $901.16.

"An invoice dated 4/7/16, Matchless Shoe Co. never entered on records, but the goods in stock at the time of inventory, May 31st 1916 (28 prs.)                                      $77.00."

And again as follows:

"CHARGE ACCOUNTS: The following fictitious charge accounts made out to cover up shortage, and charge accounts collected but the money used by R. L. Landis for his personal use in place of being turned into the business:"

Then follows an itemized list aggregating $86.60

And again the statement concludes as follows:

"Fort Worth, Texas, 6/14/16

I hereby acknowledge the above statement as itemized to be correct and the amount ($1720.51) of shortage I am responsible for having created this shortage· by appropriating, to my own personal use, while manager of the Wise-Hearne Shoe Co., funds to the amount of $1720.51, as itemized above. R. L. Landis.

"Witness Arthur Juline"

It is unnecessary to encumber this opinion with a copy in full of said written admission or statement and of the several items stated therein.

In addition Mr. Wright testified that while they were making said inventory and statement that he and appellant went into the matter and appellant admitted verbally as well as in said writing, his shortage and stated that he wanted to make every effort to square up and would try to raise the money to do so, and told him from day to day of persons from whom he was expecting to get the money to pay up. "He admitted $200.45 shortage, the cash drawer item. He stated to me that this $200 covered the four previous days' sales in the business. The money was taken from the till, from the sales of shoes that had been sold. . . . He admitted there was a shortage in the stock because of the fact the shoes had been sold and no sales slips written up for them. He said he had done that, money misappropriated." Mr. Wright further swore that he did not give the appellant permission to take the amount taken by him or any part of it; nor did he give his consent or through him, the witness, the consent of the company, to appellant to take this money or any part of it.

The court did not err in admitting this statement or admission by appellant—the whole of it—in evidence. Leach v. State, 46 Texas Crim. Rep., 507; 2 Branch's An. P. C., p. 1415 and cases cited by him in the fourth paragraph; Lawshe v. State, 57 Texas Crim. Rep., 32; Taylor v. State, 29 Texas Crim. Rep., 466; Hamer v. State, 60 Texas Crim. Rep., 341; Powell v. State, 198 S. W. Rep., 317 and cases cited and reviewed; Evans v. State, 40 Texas Crim. Rep., 54.

Neither did the court err in admitting the sales slips for several days from the 22nd to the 27th inclusive of May, 1916.

Appellant has several bills to short extracts from the testimony of Mr. Wright. These bills are so wholly defective as to preclude consideration by this court. James v. State, 63 Texas Crim. Rep., 75; Best v. State, 72 Texas Crim. Rep., 201; Lowe v. State, 206 S. W. Rep., 519, not yet reported. However, if these bills could be considered the testimony objected to was amissible and the court committed no error in admitting all of it objected to by his bills.

Neither did the court commit error in admitting the testimony of the banker showing the deposits appellant made on his individual account his sole objection thereto being that it was immaterial.

Neither did the court err in refusing to give his peremptory instruction to acquit nor in refusing to give his peremptory charge to acquit on the ground that if he was guilty of anything he was guilty of the theft of the money and not of the embezzlement of it.

Appellant's main contention seems to be that the evidence made out the offense of theft. He does not say as bailee but perhaps that

25—85 T. C. R.

is his contention instead of ordinary theft. The statute under which appellant was convicted is as follows: If any officer, agent, clerk or attorney at law or in fact of any incorporated company, or any consignee or bailee of money or property, shall embezzle, fraudulently misapply or convert to his own use, without the consent of his principal or employer, any money or property of such principal or employer which may have come into his possession or be under his care by virtue of such office, agency or employment he shall be punished, etc. (Art. 1416, P. C.).

Conversion or theft by bailee is thus defined: Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall, without the consent of the owner fraudulently convert such property to his own use with intent to deprive the owner of the value of the same shall be guilty of theft and shall be punished, etc.

In our opinion, the evidence in this case without doubt establishes a typical case of embezzlement and not bailee theft. Johnson v. State, 71 Texas Crim. Rep., 206; Reed v. State, 16 Texas Crim. App.. 586; Wilson v. State, 47 Texas Crim. Rep., 159.

But if the evidence should also be held sufficient to show bailee theft this court holds: "Although the act may have constituted theft of property acquired by bailment under article 1348 P. C. that affords no reason why it would not also constitute embezzlement under the general statute, article 1416." Wilson v. State, 47 Texas Crim. Rep., 159; Lewis v. State, 48 Texas Crim. Rep., 309.

The court's charge submitted every issue aptly and properly that was raised by the testimony. The facts did not call for any charge on embezzlement of less than $50. The Lawshee case *supra* and other cases. None of appellant's objections to the court's charge show any reversible error.

The judgment is affirmed.

*Affirmed.*