"I poured a bucket of water into that tub. I kicked up the fire."

This testimony related to the fire that was cooking the whisky and to pouring water into the tub containing the coil, as we understand it. If the witness assisted voluntarily in making the whisky, as above stated, he was clearly an accomplice, and the court should have so instructed the jury. Wolff v. State, 104 Tex. Cr. R. 277, 283 S. W. 803. If the witness assisted in making the whisky under duress or fear of Charlie Wallace, the court should have instructed the jury that, under such circumstances, he was not an accomplice. The appellant excepted in a timely manner to the failure of the court to charge on this issue, and we are of the opinion that, under the facts stated, the court erred in failing to charge the law as above indicated.

For the error above discussed, we are of the opinion that the appellant's motion for rehearing should be granted, the judgment of affirmance set aside, and the judgment of the trial court reversed and remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

---

ROBINSON et al. v. STATE. (No. 10642.)

(Court of Criminal Appeals of Texas. Nov. 24, 1926.)

Criminal law ⟨key⟩1144(14) — Appellate court must presume instructions given were correct and that those refused were properly refused, where there is no statement of facts.

Instructions given must be presumed to have been correct, and those refused must be presumed to have been properly refused, where propriety depends upon facts and there is no statement of facts.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

P. F. Robinson and D. H. Schuter were convicted of possessing intoxicating liquor

for the purpose of sale, and they appeal. Affirmed.

E. T. Miller, of Amarillo, and H. D. Bishop, of Wichita Falls, for appellants. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Appellants were jointly indicted and tried for the possession of intoxicating liquor for the purpose of sale. Both were convicted, and the punishment of each assessed at imprisonment in the penitentiary for one year.

No statement of the facts proven on the trial are before us. Several objections were urged to the charge of the court, and exceptions reserved to the refusal of a number of requested charges. In each instance the propriety of the instructions given and those refused turn upon the facts developed and the issues arising therefrom. Manifestly we are not in a position to pass upon the questions without knowing what the evidence was, and must presume the trial court was correct in giving the instructions found in the charge and also in refusing those requested.

The judgment is affirmed.