## PERRY KUGLE V. THE STATE.

No. 16243. Delivered November 1, 1933.
Reported in 64 S. W. (2d) 961.

The opinion states the case.

*E. T. Adams,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Misapplication of county funds is the offense; penalty assessed at confinement in the penitentiary for three years.

It is charged in the indictment that "on or about the first day of September, 1931, and anterior to the presentment of this indictment," the appellant, being the Tax Collector of Somervell county, fraudulently took, misapplied and converted to his own use $195.67 in money, belonging to the county and in possession of the appellant by virtue of his office.

The offense is defined in article 95, P. C., 1925, and the indictment, which was filed April 21, 1932, follows the statute.

There is before this court no statement of the facts heard in the trial court, in the absence of which we are unable to appraise the criticisms of the charge of the court advanced by the appellant. It was competent that there should be received in evidence the transactions of the appellant touching the funds coming into his hands as an officer of the county covering the period of limitation; that is to say, for three years anterior to the presentment of the indictment. On the subject, the following cases are deemed in point: Hamer v. State, 60 Texas Crim. Rep., 341, 131 S. W., 813; Landis v. State, 85 Texas Crim. Rep., 381.

The state was not bound to prove the exact amount of money alleged in the indictment. See Branch's Ann. Tex. P. C., p. 1422, sec. 2620.

In the absence of a statement of facts, the appellant's complaint of the refusal of requested special charges cannot be appraised. See Robinson v. State, 288 S. W., 454; 4 Tex. Jur., p. 550, note 3, and cases cited.

Having perceived no error justifying a reversal, the judgment is affirmed.

*Affirmed.*