HOPE VIDAURRI V. STATE.

No. 24792. May 31, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was found guilty by the jury of the offense of aggravated assault, her punishment being assessed at eighteen months in jail.

The complaint and information alleged an assault by appellant, an adult female, upon a child.

The injured party, Elmo Vidaurri, is the three-year-old adopted son of appellant, she and her soldier husband having adopted him while stationed in Germany.

Appellant resided in an upstairs apartment. Several of her neighbors testified to hearing sounds apparently coming from such apartment, variously described as—"Unusual noises, and the child crying."—"Slapping sounds" "thumping"—"banging on the floor." "The sounds were just as if you would take a fist and beat a piece of raw meat, or strike an object such as a punching bag. You could hear whimpers and gurgling sounds." —"dull thuds like something being dropped or smacked or something." "I did hear the child cry out on that occasion." "I heard the child choking."

The condition of the child was described by Dr. Ricardo Heath, who examined him several hours after the officers were called. The doctor testified in part as follows:

"There was a blue spot in the back, up both sides of the back, about the region of the fifth, sixth and seventh ribs, oblique, from out to in and from up to down. They were about a spot here on this side and three on this side (indicating on counsel). It seemed that this boy was hit this way and down, and this way (demonstrating). It was coming from the fifth, sixth and seventh ribs, four blue spots there on the left side, and over here on the right side."

"He had a wound, too, on the nose."

One of the witnesses described the wound on the nose in this manner—"His nose looked like it was bursted out here. Blood was all caked on it."

An officer testified that he responded to a call, and saw appellant at her apartment about 9 to 9:30 on the night of the alleged assault, at which time the injured child was in bed. The officer testified:

"I asked the Sergeant to undress him so I could examine the boy, and I noticed some bruises on the boy's back and on his forehead and on the top of his head, and I asked the little boy how he got them and he said, 'Mamma whipped me,' and his mamma spoke up and said, 'I whipped you on the butt, tell him I whipped you on the butt.'"

Appellant, as a witness in her own behalf, testified in part:

"I corrected him—not that day, four days before that. happened, before the 4th of October. I used one of my belts to correct him with. It was a small leather belt. I tried to hit him on his little butt, but he sat down some way, and I just hit him like that. I tried to hit him on the buttocks. I say he sat down and I hit him on the side of his back, right there, two stripes. That is what I made on his back when I whipped him, that is all, that is all he had, because I was right there when they examined him."

"Those are the marks I left on the child when I whipped him with the belt. I struck the child twice on that occasion with the belt. I did it because he moved his bowels in his pants."

Appellant denied that she was responsible for any injuries found on the boy except two stripes he had on one side of his back.

The evidence appears to be sufficient to sustain the jury's verdict. Furthermore, the injuries admittedly inflicted by appellant with a belt on this three-year-old child alone are such as to show an offense, rather than a reasonable chastisement by a parent for correctional purposes.

We have not been favored with a brief by appellant, but will discuss what we consider to be her principal bills of exception.

The first bill complains of a statement by the district attorney on voir dire examination of the jury panel to the effect

that appellant had been previously convicted of the same offense and that the victim in this case was the identical victim in the former case.

The complaint and information alleged that appellant had been previously convicted of an offense of like character, and no exception appears to have been directed to such allegation. A judgment showing such a prior conviction was introduced by the state upon the trial without objection. We are unable therefore to see any injury to appellant by reason of the preliminary statement of the district attorney.

Bill of Exceptions No. 4 relates to the testimony of the witness Childs to the effect that he saw appellant strike the child twice previous to the date alleged in the complaint and information. Appellant's objection was that the evidence was improper, incompetent, prejudiced and inflammatory.

This bill is insufficient to show that the transaction was not one which might be relied upon by the state as a basis for conviction under the present complaint and information. The state is not bound to prove the offense to have been committed upon the day alleged, the allegation "on or about" being sufficient to cover any date prior to the date of the complaint and within the period of limitation.

We find no request by appellant to require the state to elect as to which transaction would be relied upon for conviction, or to have the jury instructed to disregard evidence of other assaults than that relied upon or charged as a prior conviction.

Bill of Exceptions No. 7 presents a more difficult question. This bill relates to the refusal of a requested charge concerning testimony regarding a prior conviction. Appellant, as to such testimony, requested that the jury be instructed as follows:

"You are charged that the proof of such former conviction, if any, of the said defendant, Hope Vidaurri, cannot be considered by you in passing upon the guilt or innocence of said defendant of the charge alleged against her in this case in the first count of the information, but can only be considered by you in fixing the penalty, if any, you may inflict upon the said defendant by your verdict in this case."

Proof of a prior conviction alleged for the purpose of seeking an enhanced punishment under Art. 61, P.C., should be limited to such purpose, and the jury should be instructed that

such proof is not to be considered in passing upon the guilt or innocence of the accused.

The guilt of appellant was established by the evidence, and in effect, admitted in her testimony. It would be difficult to see how any other conclusion than that of guilt might have been reached.

The punishment was however to be determined by the jury. If appellant's version was accepted, a much lighter punishment could be expected than if the jury accepted the version of the state's witnesses.

Being a misdemeanor case, the court was not required to charge the jury except at the request of counsel. See Art. 662, C.C.P.

To have instructed the jury that they could not consider the former conviction on the question of guilt would have been of no value to appellant in the light of her admission.

But to have further instructed them that such prior conviction "can only be considered by you in fixing the penalty" would have been harmful rather than helpful.

Under the facts in this record, we are therefore constrained to hold that no reversible error is shown in the court's refusal to give this requested charge.

No reversible error is shown by the other bills of exception.

The judgment is affirmed.

Opinion approved by the court.