J. FRED ELLIS V. STATE.

No. 30,019. December 10, 1958.

*Fryer, Milstead & Luscombe,* by *Coyne Milstead,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Edwin F. Berliner,* First Assistant District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is under Art. 95, Vernon's Ann. P.C., for the misapplication of city funds; the punishment, three years.

The grand jury of El Paso County on June 23, 1955, duly presented two indictments, each having only one count, into the 34th District Court, charging J. Fred Ellis with the misapplication of city funds. These indictments were and remained identical until the clerk of said court gave one of them a file No. 16,932 on the file docket of said court and then gave the other

file No. 16,933 on the same docket. The indictments each allege that "J. Fred Ellis on or about the 13th day of September 1954," as an officer of the city of El Paso misappropriated the sum of one hundred twenty dollars ($120.00) in money.

The J. Fred Ellis charged in each of the indictments is one and the same person.

Upon the present trial in Cause No. 16,933, appellant filed a plea of former jeopardy, alleging that on January 16, 1956, he was placed upon trial in Cause No. 16,932 in the same court on an indictment charging the same transaction as charged in the indictment in Cause No. 16,933; that he entered a plea of not guilty, and after the evidence was adduced, the court in instructing the jury, followed the allegations in the indictment, and on January 20, 1956, the jury returned its verdict finding him not guilty.

The plea appears to be in proper form. It was timely presented after the court had called Cause No. 16,933 for trial, duly considered and by the court refused.

There were facts and circumstances of different discrepancies in separate transactions of the handling of city funds in the office of the license collector, introduced by the state in Cause No. 16,933, the instant case, that could support a conviction. This also was true as to appellant's trial in Cause No. 16,932 in 1956 which resulted in an acquittal.

The state on appeal contends, although it made no election at anytime during the trial, that in Cause No. 16,932, the 1956 case, it relied for a conviction upon the discrepancy in the handling of license No. 98, issued to Faust Wardy.

In Cause No. 16,933, the 1958 case, the state claims on appeal, although it made no election at any time during the trial, that it relied for a conviction upon the discrepancy in the handling of license No. 99, issued to D. R. Pinney.

The general rule is that the state is not bound by the allegation of "on or about" in an indictment as to the date of the commission of the offense, but may rely upon any date within the period of limitation. 23 Texas Jur. 648; Sec. 41; Vidaurri v. State, 155 Texas Cr. Rep. 17, 230 S.W. 2d 536; Lozan v. State, 159 Texas Cr. Rep. 613, 266 S.W. 2d 147.

The statute of limitation applicable to the offense here charged permits the prosecution and conviction of a person for each offense when committed within a period of three years anterior to the presentment of the indictment. Art. 180, Vernon's Ann. C.C.P.; Kugle v. State, 124 Texas Cr. Rep. 550, 64 S.W. 2d 961.

In submitting each of said causes to the jury, the court used identical language in applying the law to the facts, authorizing the jury to return a verdict with the following instructions:

"If you believe from the evidence, beyond a reasonable doubt, that at the time and place mentioned in the Indictment that the Defendant was the License Collctor of the City of El Paso and which was an office of the City of El Paso, and the Defendant was an officer of the City of El Paso and that as such officer was charged with the duty of receiving license fees due the City of El Paso, Texas, and that at the said time and place there had come into his custody and possession, and there was then and there in his custody and possession, by virtue of said office the One Hundred and Twenty Dollars ($120.00) described in the indictment, and that the same was the money of the City of El Paso, Texas, and that at such time and place the Defendant, J. Fred Ellis, fraudulently took, misapplied, or converted to his own use the One Hundred and Twenty Dollars ($120.00) described in the Indictment, then find the Defendant guilty as charged in the Indictment and assess his punishment at confinement in the penitentiary for not less than two nor more than ten years.

"If you do not so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant."

In connection with the above instructions, the court in each cause instructed the jury that if any "evidence has been introduced before you as to other alleged transactions than the one specifically set out in the indictment," and if they found from the evidence beyond a reasonable doubt that the appellant committed them, if he did, and they constituted an offense, then such other transactions could be considered only by them for the sole purpose of showing, if they did, the intent or system, if any, of the appellant and for no other reason.

The instructions given in each of the court's charges refer to the $120 described in the indictment. An examination of the indictments show that the descriptive allegations therein of the

money are confined to that amount, $120, and that appellant misappropriated it "on or about September 13, 1954" as an officer of the City of El Paso.

The above instructions show that the court in each of its charges did not elect, confine, restrict or limit the identity of the $120 alleged to have been misappropriated in either of the indictments, but without requiring the jury to identify the transaction upon which they found their verdicts, permitted them to select either of the transactions in evidence within the three year period of limitation. The jury in Cause No. 16,932 returned a general verdict of not guilty and in Cause No. 16,933 they returned a general verdict of guilty.

The indictments, charges of the court, and the verdicts of the jury fail to use any descriptive terms which would in any manner differentiate or make capable of definite ascertainment the identical act from the several transactions introduced in evidence in each case that the jury accepted and found as a basis for the verdict of acquittal or the verdict of guilty.

The testimony together with the exhibits in Cause No. 16,932 include an original license No. 1903, issued to D. R. Pinney in the amount of $125 in 1953. Such evidence further includes a carbon copy of a license of the the same character and bearing a corresponding number to the original license issued in 1953 in the amount of $5. The handling of the last two above described instruments evidences a discrepancy in the amount of $120. The record in Cause No. 16,933 shows that the original and the carbon copy of the license issued in 1953 as above described were among other evidence also introduced.

12 Texas Jur. 565, Sec. 245, reads in part as follows:

"* * * where two or more similar but separate acts constituting separate offenses are placed in evidence under an indictment or information under which a conviction of either offense can be had, and neither the state nor the court elects one particular act on which conviction is sought, a plea of former conviction will be good upon a subsequent prosecution based on any of the acts or offenses proved, it being uncertain for which one the conviction was had."

The above rule is equally applicable under a plea of former acquittal.

The rules applicable and controlling the problem here presented are discussed in the following cases, although they were affirmed on other grounds: Cloninger v. State, 101 Texas Cr. Rep. 1, 274 S.W. 596; Jones v. State, 161 Texas Cr. Rep. 492, 278 S.W. 2d 844.

There was evidence introduced by the state in Cause No. 16,933 that had been theretofore introduced in Cause No. 16,932 which was sufficient to sustain a conviction in Cause No. 16,932 and could have been used by the jury as a basis for either or both verdicts in said causes. Therefore the former judgment of acquittal operates as a bar to the prosecution and conviction in this cause.

For the failure of the court to sustain the plea of former acquittal the judgment is reversed.

Opinion approved by the Court.