IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-183-CR




AMON O'NEAL MUSTON, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 17,771, HONORABLE CHARLES E. LANCE, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. Tex. Pen. Code Ann.
§ 22.021(a)(B)(1) (1989). The jury assessed punishment, enhanced by two previous felony
convictions, at imprisonment for ninety-nine years.

 In his first point of error, appellant contends the district court abused its discretion
by overruling appellant's objection to the testimony of the complaining witness, a ten-year-old boy
named Terry, on the ground that the witness was not competent to testify. A child is competent
to testify if he appears to possess sufficient intellect to relate transactions with respect to which
he is interrogated. Tex. R. Cr. Evid. Ann. 601(a)(2) (Pamph. 1991). The question of a witness'
competence is a question for the trial court, and its ruling will not be disturbed on appeal unless
an abuse of discretion is shown by a review of the entire record, including the witness' trial
testimony. Hernandez v. State, 643 S.W.2d 397 (Tex. Cr. App. 1983); Watson v. State, 596
S.W.2d 867 (Tex. Cr. App. 1980).

 This Court has carefully examined Terry's testimony both at the hearing on his
competence to testify and at the trial itself. We find that the child clearly manifested a capacity
to observe the events about which he was testifying, to recollect the events, and to understand the
question and communicate answers. Sanchez v. State, 479 S.W.2d 933 (Tex. Cr. App. 1972). 
Although the boy's testimony reflected his mild retardation (a fact testified to by other witnesses),
and he was unsure of or made inconsistent statements with respect to certain details of the events
to which he was testifying, such matters did not render him an incompetent witness. Clark v.
State, 558 S.W.2d 887 (Tex. Cr. App. 1977). We also note that he recognized his responsibility
to tell the truth. Tex. R. Cr. Evid. Ann. 603 (Pamph. 1991). The first point of error is
overruled.

 Terry described in his testimony an incident in which appellant penetrated the boy's
anus with his penis. He also testified that this had happened before, on four other occasions. In
his second point of error, appellant complains of the admission of the testimony concerning the
extraneous offenses.

 Evidence of other crimes or wrongful acts by the accused are not admissible to
prove his character, but may be admissible for some other purpose. Tex. R. Cr. Evid. Ann.
404(b) (Pamph. 1991). In cases of sexual offenses against children, Texas courts have long
admitted evidence of other acts between the child and the accused so as to explain the charged act
in light of the relationship of the parties, as well as to make the child's accusation more plausible. 
Turner v. State, 754 S.W.2d 668, 673 (Tex. Cr. App. 1988); Boutwell v. State, 719 S.W.2d
164, 177-79 (Tex. Cr. App. 1986) (opinion on motion for rehearing). The testimony in question
clearly fits within this exception to the rule of exclusion. No error is presented.

 Appellant also urges that the evidence is insufficient to sustain the guilty verdict. 
While the complaining witness' testimony establishes all elements of the offense, appellant
contends the testimony was not credible because the child could not specify the date on which the
incident occurred and made contradictory statements as to whether other persons were present in
the house at the time of the incident. He also points to the testimony of the doctors who examined
the boy two days after the assault, who stated that they found no evidence of recent trauma to the
anal area.

 The credibility of the complainant's testimony was for the jury to determine. Tex.
Code Cr. P. Ann. art. 38.04 (1979). Both doctors testified that the absence of evident trauma did
not mean that the incident described by the boy did not take place; that tearing of the tissue does
not always occur in such cases. When viewed in the light most favorable to the verdict, the
evidence sustains the finding of guilt beyond a reasonable doubt.

 In two points of error, appellant contends the district court erred by permitting
Virginia Shaffer, the complaining witness' grandmother, to testify as the "outcry witness." Tex.
Code Cr. P. Ann. art. 38.072 (Supp. 1991). Appellant argues that she should not have been
permitted to testify because the requisite notice was not given and because the outcry statement
was not reliable. Id., §§ 2(b)(1)(B) and 2(b)(2).

 The record reflects some confusion as to the identity of the first adult to whom the
complaining witness made a statement about the offense. On May 1, 1990, the State informed
defense counsel by letter that it intended to call Shaffer to give outcry testimony. On June 6, the
State sent a second letter to defense counsel, informing him that an aunt would be the outcry
witness. On August 21, 1990, the first day of trial, the aunt testified during voir dire examination
that she no longer believed herself to be the first person told of the incident by the complainant. 
The boy was recalled and, outside the jury's presence, stated that he first told his grandmother. 
After the court sustained appellant's objection to the aunt giving outcry testimony, on the ground
that she was not the first adult to whom the victim made a statement, the State announced that it
would call Shaffer to give outcry testimony. Appellant then objected to Shaffer testifying on the
ground that the State, by its June 6 letter identifying the aunt as the outcry witness, had
"abandoned" the May 1 letter naming the grandmother. This objection was overruled, but the
court granted defense counsel's request for an early recess in order to prepare for Shaffer's
testimony.

 Article 38.072 provides that in certain sexual offenses against children 12 years of
age or younger, a statement describing the offense made by the child to the first adult to whom
the child made such a statement is admissible as an exception to the hearsay rule. The party
intending to offer the statement must notify the adverse party, giving the name of the outcry
witness. Art. 38.072, § 2(b)(1)(B).

 The record in this cause reflects a good faith effort on the part of the State to
comply with the notice requirement. It is obvious that the victim's family was not sure who first
learned of the incident. The State did not know until the day of trial that the aunt no longer
believed herself to be the first adult to whom the child spoke. There is no suggestion that the
State deliberately or even negligently misled the defense with regard to the identity of the outcry
witness. Further, no harm to appellant is reflected in the record. Shaffer was sworn as a witness
before it was learned that she, not the aunt, would testify to the child's outcry statement. The
record reflects that a defense investigator interviewed Shaffer before trial, and there is no
indication that her testimony contained any information not disclosed to the investigator or that
it differed materially from what it would have been in any case. There is no suggestion in the
record that the victim's outcry statement to his grandmother was significantly different from his
statement to his aunt. On this record, we find that the trial court did not reversibly err by
allowing Shaffer to testify to the victim's outcry despite the irregularities in the pretrial notice.

 We also find that the court did not abuse it discretion by overruling appellant's
objection that the outcry statement was not reliable because of the time at which it was made. 
Art. 38.072, § 2(b)(2). Appellant argues that the statement could not be reliable because Shaffer
testified that it was made on February 11, 1990, whereas the indictment alleged that the offense
occurred on or about February 19. However, the State was not bound by the date alleged in the
indictment, and a conviction was permissible upon proof that the offense was committed at any
time before the return of the indictment and within the period of limitations. Hill v. State, 544
S.W.2d 411 (Tex. Cr. App. 1976). Points of error three and four are overruled.

 In his fifth point of error, appellant contends the court erred by refusing to allow
him to question Virginia Halpain, the victim's mother and a defense witness, as to whether she
had attempted to influence her child's testimony. In point of error six, appellant contends the
court erred by refusing to allow him to call a witness to impeach the mother's statement denying
such an attempt.

 Penny Rider testified by bill of exception that she overheard a conversation between
Halpain, Terry, and Terry's brother Robert, in the court house coffee shop on the second morning
of trial. According to Rider, Halpain told Robert "just tell them what me and you and Terry was
talking about last night." Halpain had previously denied, also outside the jury's presence, making
any such statement. The court, noting that the alleged coaching took place after Terry testified
and that neither side intended to call Robert, ruled that the issue was irrelevant and indicated that
he would not allow the subject to be brought to the attention of the jury. The jury was returned
to the courtroom. Halpain, still on the witness stand, was asked by defense counsel if she at any
time influenced Terry's testimony. She said she did not.

 We overrule point of error five because, contrary to the contention in the point of
error, appellant was allowed to ask Halpain in front of the jury if she tried to influence the
victim's testimony. We overrule point of error six because Rider's testimony concerning the
coffee shop conversation does not impeach the mother's testimony. There is nothing in the coffee
shop conversation that compels the conclusion that improper influence was being brought to bear
on the children. Further, whatever she and her sons talked about "last night," it could not have
influenced the boys' testimony because Terry had already testified and Robert was not a witness.

 Finally, appellant urges that the trial court erred by overruling his objection to
hearsay testimony by Virginia Halpain during cross-examination by the State. This point of error
concerns Halpain's reply when asked by the prosecutor why she left Terry with appellant on the
night of the offense: "Because, Amon Muston ordered me to leave Terry with him."

 The question and answer were directed toward establishing what was said by
appellant rather than the truth of what was said. Thus, it was not hearsay. McKay v. State, 707
S.W.2d 23, 33 (Tex. Cr. App. 1985); Tex. R. Cr. Evid. Ann. 801(d) (Pamph. 1991). The point
of error is overruled.


 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and Smith]

Affirmed

Filed:  May 15, 1991

[Do Not Publish]